THOMAS A. SHERMAN, DEFENDANT IN ERROR, v. JAMES H. BUTCHER AND ELIZABETH W. VAN SCHOICK, ADMINISTRATRIX OF JOHN H. VAN SCHOICK, PLAINTIFFS IN ERROR.

Submitted February 9, 1905—Decided February 27, 1905.

1. Where a public highway has been made a county road under the provisions of "An act to provide for the permanent improvement of public roads in this state" (*Gen. Stat., p.* 2902), those employed by the county to carry out the plans and specifications which in the exercise of a reasonable discretion have been adopted by the county authorities for such improvement, are not liable for the removal of trees growing within the limits of that part of the county road which by the plans and specifications is required to be graded.
2. When a property owner plants trees upon a public highway he plants them subject to the right of the legislature to make such regulation as to the improvement of the highway as will render it more convenient for public use.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON, GARRETSON and REED.

For the plaintiffs in error, *Aaron E. Johnston.*

For the defendant in error, *Halsted H. Wainright.*

The opinion of the court was delivered by

GARRETSON, J. The plaintiff, the owner of land abutting upon a public highway, brought suit against the defendants, contractors for the improvement of said highway as a county road, to recover damages for the removal of four trees growing within the limits of said highway, and upon that part of the highway which was between the center line thereof and the fence line separating the plaintiff's enclosed land from the highway.

Judgment was for the plaintiff and the defendants bring this writ of error.

The public highway had been in existence as such and fenced as it was at the time of the injury complained of since 1864.

In 1901 proceedings were taken to cause this road to be improved under the provisions of "An act to provide for the permanent improvement of public roads in this state." *Gen. Stat., p.* 2902. Under this act a petition was presented to the board of chosen freeholders of the county praying for the improvement of this road; the petition was granted, an engineer was appointed, who made surveys and specifications, which were approved of and adopted by the board. The board advertised for bids, and the contract to construct the road in accordance with the plans and specifications was awarded to the defendants. According to the plans, specifications and profile map, the county road was to be graded thirty-two feet wide. The engineer staked out this road within the fence lines of the old road, and the plans, specifications and contract called for the building of the county road where he had staked it out. The old road was two and one-half rods wide, bounded by old fence lines, and it had been used, as so defined, as a public road since 1864. The engineer could not locate the old road by the lines as laid out, so he accepted the practical location of the old road as fenced and used, the fences being two and one-half rods apart. The engineer took the centre of the road as located for the centre of the new county road and laid the new road sixteen feet on each side of the centre, making the new county road to be graded thirty-two feet wide, leaving about four and one-half feet on each side between the graded line of the new road and the fence line of the old road.

The trees in question stood within the thirty-two feet, which by the plans and specifications were to be the graded part of the new road, and it was necessary to remove those trees in order to carry out the plans and specifications.

In order to effectually carry out the provisions of the act

of 1895, *supra,* it is necessary that the county authorities should possess all powers conferred upon them by the act, unlimited by any other provisions of law. The roads constructed under the act are forever declared to be county roads, and the duty of keeping the same in repair is devolved upon the board of freeholders, as well as all other powers and duties respecting such roads, and, in the words of the act, "to the exclusion of all township, borough and municipal officers excepting city officers."

The board of freeholders having declared their intention to improve the road under this act, they were required to so construct it as to be firm, smooth and convenient for travel at all seasons of the year. The freeholders, in the exercise of their discretion, determined that in order to secure such a road it was necessary that the graded part should be thirty-two feet wide. As provided by the act, this was approved by the state commissioner of public roads. We are unable to find anything in the case to show that this determination was an abuse of the discretion vested in the board of freeholders.

The trees in question had been planted by the owner of the property abutting on the road about twenty-five years before they were removed and several years after the road had been laid out, and the property owner must be held to have planted them subject not only to the laws then in existence for the regulation and improvement of the highway, in the interest of the public use thereof for travel, but also subject to the right of the legislature to make further regulations and improvements thereof in the direction of more convenient public use.

The judgment below will be reversed.